# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JOHN PAUL SOUZA | CASE NO.: 11-75456-JEM |
| Debtor, | |
| FACEBOOK, INC., a Delaware Corporation, | ADVERSARY PROCEEDING NO.: 11-05684 |
| Plaintiff, | |
| v. | |
| JOHN PAUL SOUZA, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO COMPLAINT SEEKING DETERMINATION THAT DEBT IS NONDISCHARGEABLE

John Paul Souza, Defendant in the above-styled adversary proceeding, hereby answers Facebook, Inc.'s Complaint Seeking Determination that Debt is Nondischargeable showing the Court as follows:

## I.     JURISDICTION AND VENUE

1. The allegations of paragraph 1 of Plaintiff's Complaint require no response of Defendant.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The allegations of paragraph 4 of Plaintiff's Complaint require no response of Defendant.

## II.    PARTIES

5. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

## III.   FACTS

### A.  Facebook and Facebook's Services.

7. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint.

### B.  Facebook's Marks

10. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 11

of Plaintiff's Complaint.

12. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

### C.  Facebook's Statement of Rights and Responsibilities

16. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. In response to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant admits that he registered for a Facebook account.  Defendant is without knowledge as to the truth of the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. In response to the allegations in paragraph 19 of Plaintiff's Complaint, Defendant states that Facebook's Statement and speaks for its self as to what is contained therein. To the extent that any allegation of paragraph 19 of Plaintiff's Complaint differs in any respect from the specific language of Facebook's Statement, said allegation is hereby denied.

### D. Defendant's Unlawful Conduct

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. The allegations of paragraph 21 of Plaintiff's Complaint no require response of Defendant.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. The allegations of paragraph 23 of Plaintiff's Complaint require no response of Defendant.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

### E. Description of Souza's facebookmarketingforresults.com Typosquatter Scheme

27. In response to the allegations in paragraph 27 of Plaintiff's Complaint, Defendant admits that he registered the domain name facebookmarketingforresults.com. Defendant denies the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. In response to the allegations of paragraph 32 of Plaintiff's Complaint, Defendant admits that Plaintiff Facebook has no connection to facebookmarketingforresults.com or http://www.facebookmarketingforresults.com. Defendant is without knowledge as to the truth of the remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendant is without knowledge as to the truth of the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

### F.  Harm to Facebook from Souza's Conduct

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

### G.  The District Court Litigation

45. Defendant admits the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant admits the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. In response to the allegations contained in paragraph 47 of Plaintiff's Complaint, Defendant states the Facebook's District Court Complaint speaks for its self as to what is contained therein. To the extent that the allegations of paragraph 47 of Plaintiff's Complaint vary in any respect from Facebook's District Court Complaint, said allegations are hereby denied. Defendant specifically denies that Plaintiff is entitled to any relief from Defendant in the District Court action.

48. In response to the allegations contained in paragraph 48 of Plaintiff's Complaint, Defendant states the Facebook's District Court Complaint speaks for its self as to what is contained therein. To the extent that the allegations of paragraph 48 of Plaintiff's Complaint vary in any respect from Facebook's District Court Complaint, said allegations are hereby denied. Defendant specifically denies that Plaintiff is entitled to any relief from Defendant in the District Court action.

## FIRST CAUSE OF ACTION

## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 523

49. Defendant incorporates and restates all preceding paragraphs of this Answer as if fully set forth herein.

50. Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

6

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant asks that Plaintiff's Complaint be dismissed, that Defendant be adjudged to have no debt to Plaintiff, that any debt of Defendant be found dischargeable, that costs be taxed against the Plaintiff, and that Defendant be awarded such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against Defendant do not fall within an exception to dischargeability under 11 U.S.C. § 523.

3. Plaintiff's alleged trade dress is functional and therefore is not capable of protection.

4. Defendant committed no act of unlawful cybersquatting, contributory cybersquatting, typosquatting or contributory typosquatting.

5. Defendant did not infringe Plaintiff's marks or contributorily infringe Plaintiff's marks.

6. Defendant committed no act of false designation of origin or contributory false designation of origin.

7. Defendant committed no act of trademark dilution or contributory trademark dilution.

8. Plaintiff's breach of contract claim in the District Court action is barred by the Statute of Frauds and lack of consideration.

9. Defendant committed no act of tortious interference with Plaintiff's perspective economic advantage.

10. Jurisdiction is improper as to Defendant in the District Court of Northern California; therefore, Plaintiff's action in the District Court of Northern California cannot constitute

a nondischargeable debt.

Respectfully submitted this 4th day of January, 2012.

                          Respectfully submitted,
                          **HILL, KERTSCHER & WHARTON, LLP**

                          */s/Scott A. Wharton*
                          Scott A. Wharton
                          Georgia Bar No. 750892
                          Blake H. Frye
                          Georgia Bar No. 278801
                          Robert R. Joseph
                          Georgia Bar No. 405326
                          *Attorney for Plaintiff*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia  30339
Telephone: (770) 953-0995
Facsimile:  (770) 953-1358
Email: bhf@hkw-law.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JOHN PAUL SOUZA | CASE NO.: 11-75456-JEM |
| Debtor, | |
| FACEBOOK, INC., a Delaware Corporation, | ADVERSARY PROCEEDING NO.: 11-05684 |
| Plaintiff, | |
| v. | |
| JOHN PAUL SOUZA, | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned served a copy of the Motion for Appointment of Chapter 11 Trustee through the electronic case filing system (ECF) or by placing a copy of the same in the United States Mail, with sufficient postage thereon to ensure delivery upon the parties listed below.

G. Frank Nason, IV
Maggie Rentz
Lamberth Cifelli, Stokes, Ellis & Nason, PC
3343 Peachtree Rd, NE, Suite 550
Atlanta, Georgia 30326-1022

Austin J. Rice-Stitt
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, Washington, 98101-3099

Respectfully submitted this 4th day of January, 2012.

        Respectfully submitted,
        **HILL, KERTSCHER & WHARTON, LLP**

        */s/ Blake H. Frye*
        Scott A. Wharton
        Georgia Bar No. 750892
        Blake H. Frye
        Georgia Bar No. 278801
        Robert R. Joseph
        Georgia Bar No. 405326
        *Attorney for Plaintiff*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia  30339
Telephone: (770) 953-0995
Facsimile:  (770) 953-1358
Email: bhf@hkw-law.com